UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| INTELIQUENT, INC., <br><br> Movant, <br><br> vs. <br><br> NATIVE AMERICAN TELECOM, LLC; and NATIVE AMERICAN TELECOM – PINE RIDGE, LLC, <br><br> Respondents. | 4:17-MC-24-VLD <br><br> ORDER GRANTING MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS <br><br> [DOCKET NO. 1] |

Movant Inteliquent, Inc. filed a motion seeking an order compelling respondents Native American Telecom, LLC and Native American Telecom-Pine Ridge, LLC (collectively "NAT"), to comply with two subpoenas *duces tecum* issued by Inteliquent, Inc. on October 14, 2016. See Docket Nos. 1, 2-1 and 2-2. The subpoenas required NAT to provide documents and to allow inspection of physical premises. See Docket Nos. 2-1 and 2-2. These subpoenas and Inteliquent's motion arise out of a court case pending in the Northern District of Illinois, Inteliquent, Inc. v. Free Conferencing Corp., Civ. No. 1:16-CV-06976. NAT is a non-party to the federal litigation in the Northern District of Illinois. NAT has not appeared in this matter nor has it filed objections to the subpoenas or moved to quash the subpoenas.

In response to the court's order to show cause regarding service of the subpoenas, Inteliquent, Inc. filed a response and supporting documents

indicating that NAT's registered agent for service of process, attorney Scott Swier, acquiesced in the service of the subpoenas on him electronically. Extended discussions have taken place between Inteliquent, Inc. and NAT regarding responses to the subpoenas. Never at any time has NAT indicated it objected to the manner of service of the subpoenas. Since formal service of process can be waived, the court accepts for purposes of the present motion that NAT has waived service of the subpoenas according to the Federal Rules of Civil Procedure.

Because NAT has not responded to the motion to compel, has not appeared in this action, and has not objected or moved to quash, the court finds the motion to be unopposed. Accordingly, it is hereby

ORDERED that Native American Telecom, LLC and Native American Telecom-Pine Ridge, LLC shall respond fully and completely to Inteliquent, Inc.'s subpoenas by providing the documents requested therein within 14 days from the date of this order.

--If NAT objects to any request, it must file written objections stated with specificity and signed by counsel under penalty of potential sanctions pursuant to Fed. R. Civ. P. 11, which requires reasonable factual and legal bases for said objections.

--If NAT asserts privilege as to any document requested, it must file along with its response to the subpoena a privilege log stating the following: (1) that NAT is expressly making a claim of privilege; (2) naming the privilege invoked; and (3) describing the document withheld in a manner detailed enough to

enable Inteliquent, Inc. to assess the claim without revealing any privileged information.  See Fed. R. Civ. P. 26(b)(5).

It is further

ORDERED that Native American Telecom, LLC and Native American Telecom-Pine Ridge, LLC shall, within 14 days from the date of this order, supply a time, date and place for premises inspection as requested in the subpoenas which is mutually agreeable to the parties.  Failing to arrive at a mutually-agreeable date and time, the court hereby orders that said inspection requested under the subpoenas take place at 9:00 a.m. Mountain Daylight Time on July 28, 2017.

It is finally

ORDERED that should Inteliquent, Inc. wish to receive an award of attorney's fees and costs, it must within 21 days from the date of this order file a motion setting forth the legal bases for such an award and the amount claimed.  Such a motion shall be accompanied by detailed time records for any attorney or paralegal time claimed, along with a description of the task performed and the hourly rate of such professional.  NAT shall have 21 days to respond to any such motion; Inteliquent, Inc. may reply within 14 days of any response from NAT.

Dated this 10th day of July, 2017.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

3